## No. 532
## LOUIS ROSS v. STATE

Ohio Appeals, 7th Dist., Mahoning County
Decided June 28, 1924

Published Only in Ohio Law Abstract

333. CRIMINAL LAW—1. There is no prejudicial error in charging a jury in a first degree murder that the jury must find the defendant struck the blow for the purpose of causing death.

2. It is not reversable error to charge "the fact that he used this bat and struck this man over the head, malice would be inferred from that." Although a mistaken statement of the rule.

FARR, J.

Error proceedings to reverse a judgment sentencing Ross after being indicted and found guilty of first degree murder upon grounds that the charge to the jury was prejudicial and the judgment is against the weight of the evidence as to premeditation and deliberation. On Sept. 16, Ross had attempted to stop a quarrel between Gordon and Farrari, whereupon Farrari slapped and kicked him, and threatened to kill him. On Sept. 19, Ross invited Farrari into his house with others and while drinking, Ross and Farrari quarreled, whereupon Ross hit Farrari over the head with a ball bat and killed him. Later in the day, Ross dismembered the body, and buried it, warning his children not to say anything to anybody. In affirming the judgment below, the court held:

1. The charge to the jury that it must be proven "that he purposely inflicted the blow which caused the death" is not error.

2. There is sufficient testimony that the jury might well find there was both premeditation and deliberation.

3. There was no reversible error in the charge, although several parts were criticized.

Attorneys—Moore, Barnum & Hammond, for Ross; H. H. Hull, Pros. Atty., for State; all of Youngstown.

## No. 533
## ALEXANDER v. KNOPP et al

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4858. Decided Feb. 11, 1924

168. BOUNDARIES—Stone monument of long duration held proper boundary although it made boundary irregular.

BY THE COURT.

Epitomized Opinion

Published Only in Ohio Law Abstract

Alexander brought an action to quiet title to a small strip of land to which defendant claimed title. A plat was offered in evidence by the plaintiff, and it was conceded that there was an established point in the center of Clague Road between Lots 30 and 40 and the question arising in this case arose by reason of the location of the corner stone about 1,200 feet distant from this established line in Clague Road. This stone monument is about 6 feet distant from a straight line running the entire length getween lots 30 and 40 and the real question was whether this stone is a governing monument relative to the lot lines between the plaintiff and the defendants, or whether the true line is the straight line running from one of these lots clear through to the other.

The record disclosed that there was three monuments, all of which have been recognized by the engineers at various times, who had made surveys. The stone monument about 6 feet away from the straight line had been recognized as an established monument for 75 years. The Common Pleas Court held that plaintiff had no right or interest in the land. Plaintiff appealed. In dismissing the petition of plaintiff, the Court of Appeals held:

1. As the stone monument in dispute in this case was a well recognized monument, and has been so considered by surveyors and adjoining property owners, this stone must be considered as the true dividing line, although by so doing the dividing line between these two lots would be crooked and irregular.

Attorneys—Willet & Pennell, for Alexander; H. R. Schuler, for Knopp et al; all of Cleveland.